No. 2480
Second Circuit

CITY ELECTRIC SHOP, INC., v. H. & G. OIL & GAS CO., ET AL.

(May 22, 1928.   Opinion and Decree.)
(June 28, 1928.   Rehearing Refused.)

(*Syllabus by the Editor*)

1.  Louisiana Digest—Appeal—Par. 625, 626. The finding of trial court on matters of fact and credibility of witnesses, where clearly correct is affirmed.

Appeal from the First Judicial District Court, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by City Electric Shop, Inc., against H. & G. Oil and Gas Company, et al.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

Mabry & Carstarphen, F. G. Thatcher, of Shreveport, attorneys for plaintiff, appellee.

Dickson and Denny, of Shreveport, attorneys for defendants, appellants.

ODOM, J.   This is a suit to recover the amount alleged to be due for the installation of electrical wiring and fixtures in a filling station.

There was judgment for plaintiff and defendant appealed.

OPINION

The defendant employed contractors to erect a filling station in Jewella, which contract included wiring at $75.00. The contractors employed plaintiff to do the wiring according to the specifications. When the station, including the wiring, was practically completed, plaintiff called Mr. Comegys, of the defendant company, to know what fixtures he wanted installed. When Mr. Comegys went to the station and met a representative of plaintiff company he expressed dissatisfaction with the wiring, stating that there were not enough outlets for lights provided for; whereupon

he was informed that plaintiff had done the wiring in accordance with the specifications. Comegys not being satisfied, instructed plaintiff's representative to rewire the station in accordance with his views. Plaintiff's representative informed Mr. Comegys that there would be considerable extra labor and expense connected with the changes suggested, but no amount was specified. However, Mr. Comegys ordered the work done.

Comegys says he was told that the expense would not be great, but admits that he ordered the work done and it was done.

The only complaint which the defendant makes is that the charge is excessive.

Plaintiff attached to its petition an itemized bill showing in detail the material and labor used, together with the price of each item.

Mr. Morrisett, of the plaintiff company, testified that all the material itemized on the bill was used and that the charge for labor was correct, all of which charges, he said, were in line with those prevailing in the city.

Plaintiff called as a witness Mr. Elliott, an electrician engaged in contract work in the city, who testified that he had made a minute and detailed inspection of the work and that the items charged by plaintiff were all necessary and that the charge was reasonable and in keeping with prices charged by other responsible electricians, except two items, to-wit: $12.00 for extra switch on pump and $35.00 for extra wiring for pump lights, which items, he thought, should be reduced by one-third. He said, however, that the charge for some other items was below cost.

Admittedly the bill rendered by plaintiff is higher than it would have been had the same work been done while the work of erecting the building was in progress, as is the custom, and as was done on the original contract; but a complete rewiring of the station was ordered after it was completed or practically so, which was considerably more difficult. Then, too, the system was changed from knob and tube to conduit, which is much more expensive.

Plaintiff called as witnesses some of the men who were employed in the work, all of whom testified that the work was done according to the itemized bill and that the charges were usual and reasonable.

The only electrician called by defendant was Mr. L. G. Bres, who said he had figured with Mr. Comegys for doing the electrical work at a similar station and the bill which he submitted was $290.00, but included no fixtures; but he stated he knew nothing of the material used in this instance and knew nothing of the circumstances under which the work was done, that is, he did not take into consideration that the work was done after the station was practically completed. His testimony shows that he was not in position to dispute the correctness of plaintiff's bill.

Plaintiff made out its case. We note that the District Judge awarded plaintiff only $474.97, from which we infer that he reduced two items, one for $12.00 and one for $35.00 by one-third, in accordance with the views of Mr. Elliott who was a competent electrician and wholly disinterested.

The judgment appealed from is correct, and is accordingly affirmed with costs.

WEBB, J. Recused.